

FILED

NOV 24 2020

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

BY _____
DEPUTY CLERK

AO 241
(Rev 01/15)

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: EASTERN DISTRICT OF CA. | |
|---|---|---|
| Name (under which you were convicted): <br> Paul Joseph Martinez | 2:20  CV 2348 - ___ GGH HC | Docket or Case No.: |
| Place of Confinement : Richard J.Donovan <br> Correctional Facility | Prisoner No.: <br> G-08445 | |
| Petitioner (include the name under which you were convicted) <br> Paul Joseph Martinez | v. | Respondent (authorized person having custody of petitioner) <br> Marcus Pollard, Warden (A) <br> People of the State of Ca. <br> **REAL PARTY IN INTEREST** |
| The Attorney General of the State of: California | | |

**PETITION**

1.    (a) Name and location of court that entered the judgment of conviction you are challenging:

Superior Court of California, In And For The County of San Joaquin

222 E. Weber Avenue

Stockton, California 95202

(b) Criminal docket or case number (if you know):  SF105841A

2.    (a) Date of the judgment of conviction (if you know):  February 2008

(b) Date of sentencing:  February 2008

3.    Length of sentence:  34 Years 4 Months to Life On RESENTENCE

4.    In this case, were you convicted on more than one count or of more than one crime?  X☒ Yes    ☐ No

5.    Identify all crimes of which you were convicted and sentenced in this case:  Second Degree Robbery;

False Imprisonment By Violence; Unlawful Taking Or Driving of

Vehicle; Prior Prison Term Enhancement(s); P.C. §211; P.C. §236;

V.C. §10851(a); P.C. §1170 12(b); P.C. §667(d)

///

///

///

6.    (a) What was your plea? (Check one)

|   | X☒ (1) | Not guilty | | ☐ | (3) | Nolo contendere (no contest) |
|---|---|---|---|---|---|---|
|   | ☐ (2) | Guilty | | ☐ | (4) | Insanity plea |

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?    N/A

N/A

N/A

N/A

N/A

N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury    ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes    ☒ No

8.    Did you appeal from the judgment of conviction?

☒ Yes    ☐ No

9.    If you did appeal, answer the following:

(a) Name of court: Court of Appeal, State of California Third Appellate Dist.

(b) Docket or case number (if you know):    C058437 (Exhibit 'B' Hereto)

(c) Result:    Granted In Part/Affirmed In Part

(d) Date of result (if you know):    June 11, 2009

(e) Citation to the case (if you know): Unpublished Opinion

(f) Grounds raised:    (1) Trial Court Erred By Failing To Stay Sentence On Counts 2 & 3; (2) Appellant Is Entitled To 24 Additional Days Custody Credit;

///

///

///

///

(g) Did you seek further review by a higher state court?    ☒ Yes    ☐ No

If yes, answer the following:

(1) Name of court: California Supreme Court, Petition For Review

(2) Docket or case number (if you know):    Unknown

(3) Result:    Denied

///

(4) Date of result (if you know): Unknown

AO 241
(Rev 01/15)

Page 4

(5) Citation to the case (if you know): **Unknown**

(6) Grounds raised: **Same as at Appellate Court Level**

/// _____

/// _____

/// _____

(h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☒☒☒ No

If yes, answer the following:

(1) Docket or case number (if you know): **N/A**

(2) Result: **N/A**

**N/A**

(3) Date of result (if you know): **N/A**

(4) Citation to the case (if you know): **N/A**

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☒☒☒☒Yes  ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: **Superior Court, County of San Joaquin, Stockton Ca.**

(2) Docket or case number (if you know): **SF105841A (See EXHIBIT'S C & D Hereto**

(3) Date of filing (if you know): **Exact Date Unknown**

(4) Nature of the proceeding: **Petition For Recall of Sentence**

(5) Grounds raised: **Petitioner's Charged Crimes Were Not Violent**

**Under California Penal Code Section §667;**

/// _____

/// _____

/// _____

/// _____

/// _____

/// _____

/// _____

/// _____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☒☒☒☒Yes  ☐ No

(7) Result: **Sentence Reduced From 60 Years to Life to 34 Years 4 mon.**

(8) Date of result (if you know): **February 29, 2016**

Name of Court: California Court of Appeal, Third Appellate District

Proceeding  : Petition For Writ of Habeas Corpus

Issues      : (a) Petitioner Was Denied Speedy Trial

              (b) Improper Life Sentence; Plus I.A.C. At Trial

Result      : Denied In Full Without Opinion

Date        : March 5, 2020 (See Exhibit K, Hereto)

5(A)

Page 5

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: San Joaquin Superior Court

(2) Docket or case number (if you know): STK-CR-FMISC-2019-0009345

(3) Date of filing (if you know): Unknown

(4) Nature of the proceeding: Petition For Writ of Habeas Corpus

(5) Grounds raised:(1)Petitioner Was Denied Speedy Trial;(2) Improper

Life Sentence; (3) Ineffective Assistance Of trial Counsel;

///

///

///

///

///

///

///

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  XXØ No

(7) Result: Denied In Full With Opinion (See Exhibit 'J' Hereto)

(8) Date of result (if you know): October 24, 2019

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: Supreme Court of California

(2) Docket or case number (if you know): S263388

(3) Date of filing (if you know): July 12, 2020

(4) Nature of the proceeding: Petition For Writ Of Habeas Corpus

(5) Grounds raised:1.Petitioner Was Denied Speedy Trial Over Objection;

2. Trial Court Improperly Sentenced Petitioner To A Life

Term Using Multiple Strikes Of Single Case; 3. Petitioner

Denied Effective Assistance Of Trial Counsel; 4. Superior

Court Judge In Denying Petition Stated Petitioner Had Suffered

Ineffective Assistance Of Trial Counsel, But Denied The

Petitioner Relief Sought Via Petition For Writ Of Habeas

Corpus;

///

///

AO 241
(Rev 01/15)

Page 6

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❏ Yes  X X❏X X No

(7) Result:  Petition Denied Without Opinion

(8) Date of result (if you know):  October 14, 2020 (See Exhibit "L" Hereto)

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:  X X❏ Yes    ❏  No

(2) Second petition: X X❏ Yes    ❏  No

(3) Third petition:  X X❏ Yes    ❏  No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

Petitioner in this action did seek the Highest level of Review on ALL issues raised in/to the California Supreme Court timely.

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**  Petitioner was denied the right to a Speedy Trial in this matter over objection made by petitioner's court appointed trial counsel.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

After multiple other forced delays, petitioner through his court appointed trial counsel, filed a Motion To Dismiss due to Speedy Trial violation. The court denied said motion to dismiss and petitioner went to trial and was there-after convicted. Even though counsel had objected and filed a motion, Appellate Counsel appointed by the State for petitioner, refused to raise, brief and argue the issue on direct for petitioner. (See Arguement #1 Memorandum of Points And Authorities In Support of Petition)

(b) If you did not exhaust your state remedies on Ground One, explain why:  Petitioner raised at all State Levels of review all issues in this petition at all levels available prior to seeking timely review by this Federal Court in accordance with the AEDPA of 1996. (See Exhibit's Attached hereto)

/ / /

/ / /

/ / /

AO 241
(Rev 01/15)

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ☐ Yes    X X☒ X No

(2) If you did not raise this issue in your direct appeal, explain why:    Court Appointed

Appellate Counsel only raised the issue(s) that it decided to

raise on Direct Appeal.

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

X XX Yes      ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:     Petition For Writ of Habeas Corpus

Name and location of the court where the motion or petition was filed:   San Joaquin Superior Court

222 E. Weber Avenue, Stockton, California  95202

Docket or case number (if you know):   SF105841A/STK-CR-FMISC-0009345

Date of the court's decision:   October 24, 2019

Result (attach a copy of the court's opinion or order, if available):    Denied In Full (See Exhibit

'J' Hereto)

///

(3) Did you receive a hearing on your motion or petition?                              ☐   Yes     X ☒X No

(4) Did you appeal from the denial of your motion or petition?                   X ☒X Yes            ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  X ☒X  Yes        ☐  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Court of Appeal, Third Appellate Dist.

State of California

Docket or case number (if you know):    C091479    (See Exhibit 'K' Hereto)

Date of the court's decision:   March 5, 2020

Result (attach a copy of the court's opinion or order, if available):      Denied In Full

(See Exhibit 'K' Hereto)

///

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

II/A

N/A

N/A

AO 241
(Rev 01/15)

Page 8

**(e) Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One: Petition for Writ of Habeas Corpus to

the California Supreme Court to fully exhaust this/all issues to/

through all required levels. (See Exhibit 'L' Hereto)

**GROUND TWO:**  Trial Court Improper Sentenced Petitioner To A Life Term By

Using Multiple Strikes From A Single Prior Occurance Instead Of Second Strike.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The trial court on multiple dates in multiple hearings admitted on record

that petitioner's prior strike(s), both priors used to make this a Three Strikes

case, had occurred in one event. (See Exhibit 'H' at page 403 line 28 and page

404 lines 1 and 2; line 9; and lastly line 17. According to California Law

the Court was allowed to use only one strike prior from that single event and

not use all the charges as separate strikes for the purpose of enhancing the

current prison term to a maximum of life on top of the 34 years and 4 months

imposed.

(b) If you did not exhaust your state remedies on Ground Two, explain why: Petitioner raised at all

State Levels of review all issues in this petition at all levels

available prior to seeking timely review by this Federal Court

in accordance with the AEDPA of 1996. (See Exhibit's Attached hereto)

(c)     **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☐ Yes    X☒ No

(2) If you did not raise this issue in your direct appeal, explain why:   Appellate Counsel only

raised the issues that it decided to raise on direct appeal.

/ / /

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

X☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Petition For Writ of Habeas Corpus

Name and location of the court where the motion or petition was filed: San Joaquin Superior Court

222 E. Weber Avenue, Stockton, California 95202

/ / /

Docket or case number (if you know): SF105841A/STK-CR-FMISC-0009345

Date of the court's decision: October 24, 2019

AO 241
(Rev 01/15)                                                                                          Page 9

Result (attach a copy of the court's opinion or order, if available):   Denied In Full (See Exhibit 'J' Hereto)

///

(3) Did you receive a hearing on your motion or petition?                    ☐ Yes    X☒X No

(4) Did you appeal from the denial of your motion or petition?              X☒X Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   X☒X Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Court of Appeal, Third Appellate Dist. State of California

Docket or case number (if you know): C091479 (See Exhibit 'K' Hereto)

Date of the court's decision:   March 5, 2020

Result (attach a copy of the court's opinion or order, if available):   Denied In Full (See Exhibit 'K' Hereto)

///

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

N/A

N/A

N/A

(e)   Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two : Petition For Writ of Habeas Corpus to the California Supreme Court to fully exhaust this/all issues to/ through all required levels. (See Exhibit 'L' Hereto)

///

GROUND THREE: Petitioner was denied Effective Assistance of Court Appointed Trial Counsel to which he is entitled under the US Constitution 6th Amendment.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner was denied the effective assistance of both court appointed trial counsel and appellate counsel. Petitioner's court appointed trial counsel in 2008 had a motion and objection to the imposition of multiple Life terms under the Three Strikes law. Counsel further made a verbal motion preserving the right to file appeal based on any change in the Three Strikes Law that may effect him and that may be made in the future which could benefit petitioner. (See Exhibit "I" Hereto.) Counsel refused to raise that/this issue for petitioner.

AO 241
(Rev. 01/15)

(b) If you did not exhaust your state remedies on Ground Three, explain why:  Petitioner raised at all

State Levels of review all issues in this petition at all levels

available prior to seeking timely review by this Federal Court

in accordance with the AEDPA of 1996. (See Exhibit's Attached Hereto)

///

(c)    **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:  Appellate Counsel only

raised the issues that it decided to raise on direct appeal.

///

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:  Petition For Writ of Habeas Corpus

Name and location of the court where the motion or petition was filed:  San Joaquin Superior Court

222 E. Weber Avenue, Stockton, California 95202

Docket or case number (if you know):  SF105841A/STK-CR-FMISC-0009345

Date of the court's decision:  October 24, 2019

Result (attach a copy of the court's opinion or order, if available):  Denied In Full (See Exhibit

'J' Hereto)

///

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?    ☒ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☒ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Court of Appellate, Third Appellate

Dist., State of California

Docket or case number (if you know):  C091479 (See Exhibit 'K' Hereto)

Date of the court's decision:  March 5, 2020

Result (attach a copy of the court's opinion or order, if available):  Denied In Full

(See Exhibit 'K' Hereto)

///

///

AO 241
(Rev. 01/15)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

/// \
/// \
///

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three: Petition For Writ of Habeas Corpus to

the California Supreme Court to fully exhaust this/all issues to/

through all required levels. (See Exhibit 'L' Hereto)

**GROUND FOUR:** Superior Court judge in denying petition stated that the

petitioner had suffered ineffective assistance of counsel but denied relief.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner's trial counsel filed a 1382 Motion To Dismiss for a clear

violation of petitioners' speedy trial rights. (See Exhibit 'C' Hereto) The

trial court incorrectly denied that motion. (See Exhibit 'D' Hereto) Petitioner

requested counsel to pursue the issue, but counsel failed/refused to do so.

Once appellate counsel was appointed petitioner made the same request and an

IAC issue. Appellate counsel failed/refused to brief/raise the issue on

Direct Appeal in petitioner's behalf over objection of petitioner.

(b) If you did not exhaust your state remedies on Ground Four, explain why: Petitioner raised at all

State Levels of review all issues in this petition at all levels

available prior to seeking timely review by this Federal Court

in accordance with the AEDPA of 1996. (See Exhibit's Attached Hereto)

///

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ❑ Yes     XⅩⅩNo

(2) If you did not raise this issue in your direct appeal, explain why: Appellate Counsel only

raised the issues that it decided to raise on direct appeal.

///

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

XⅩⅩ Yes     ❑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Petition For Writ of Habeas Corpus

AO 241
(Rev 01/15)                                                                                      Page 12

Name and location of the court where the motion or petition was filed: San Joaquin Superior Court

222 E. Weber Avenue, Stockton, California 95202

Docket or case number (if you know): SF105841A/STK-CR-FMISC-0009345

Date of the court's decision:   October .24, 2019

Result (attach a copy of the court's opinion or order, if available): Denied In Full (See Exhibit

"J" Hereto)

///

(3) Did you receive a hearing on your motion or petition?                    ☐ Yes    X X☒ No

(4) Did you appeal from the denial of your motion or petition?               X X☒ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? X X☒ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Court of Appeal, Third Appellate

Dist..State of California

Docket or case number (if you know): C091479 (See Exhibit 'K' Hereto)

Date of the court's decision:   March 5, 2020

Result (attach a copy of the court's opinion or order, if available):     Denied In Full

(See Exhibit  K" Hereto)

///

///

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

N/A

N/A

N/A

N/A

N/A

(e)      **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four: Petition For Writ of Habeas Corpus to

the California Supreme Court to fully exhaust this/all issues to/

through all required levels. (See Exhibit 'L' Hereto)

///

///

///

///

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction? X XX Yes    ☐ No (See Exhibit 'L' Hereto)

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them:    N/A

N/A

N/A

N/A

(b)    Is there any ground in this petition that has not been presented in some state or federal court? If so, which

ground or grounds have not been presented, and state your reasons for not presenting them:

ALL ISSUES/GROUNDS HAVE BEEN PROPERLY PRESENTED TO ALL

APPROPRIATE COUTS AT ALL APPROPRIATE LEVELS OF REVIEW.

Superior Court; Appellate Court; Ca. Supreme Court.

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?    ☐ Yes    X XX No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy

of any court opinion or order, if available.    N/A

N/A

N/A

N/A

N/A

N/A

N/A

N/A

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?    ☐ Yes    X XX No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

raised.    N/A

N/A

N/A

N/A

N/A

N/A

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:  Unknown at this time.

///

(b) At arraignment and plea: Mr.Chris Steiner, Esq., San Joaquin Public Defender, 102 S.San Joaquin Street, Rm 1, Stockton, California 95202

(c) At trial:      Mr. Chris Steiner, Esq., San Joaquin Public Defender, 102 S. San Joaquin Street, Rm.1, Stockton, California 95202

(d) At sentencing:  Mr. Chris Steiner, Esq.. San Joaquin Public Defender. 102 S. San Joaquin Street, Rm. 1, Stockton, California 95202

(e) On appeal:  Ms. Valerie G. Wass'' Esq.556 S. Fair Oaks Avenue Suite #9 Pasadena California 91105

(f) In any post-conviction proceeding:      N/A

N/A

(g) On appeal from any ruling against you in a post-conviction proceeding:   N/A

N/A

N/A

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?      ☐ Yes  ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

N/A

N/A

(b) Give the date the other sentence was imposed:   N/A

(c) Give the length of the other sentence:   N/A

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?      ☐ Yes  ☒ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

This Federal Petition For Writ of Habeas Corpus is timely as it deals with the issues directly raised in a Petition To Recall the Sentence Which was granted in part and denied in part.

///

///

AO 241
(Rev 01/15)

/ / / _____

/ / / _____

/ / / _____

/ / / _____

/ / / _____

/ / / _____

/ / / _____

/ / / _____

/ / / _____

/ / / _____

/ / / _____

/ / / _____

/ / / _____

/ / / _____

/ / / _____

/ / / _____

/ / / _____

/ / / _____

/ / / _____

/ / / _____

/ / / _____

/ / / _____

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241
(Rev. 01/15)

(2)    The time during which a properly filed application for State post-conviction or other collateral review with
respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation
under this subsection.

Therefore, petitioner asks that the Court grant the following relief:    That petitioner be afforded a
sentence in accordance with a Second Strike Offense. (See Page 11,
Memorandum of Points and Authorities In Support of Petition)

or any other relief to which petitioner may be entitled.

N/A
_____
Signature of Attorney (if any)

Paul Joseph Martinez
In Propria Persona

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on  11/3/2020          (month, date, year).

Executed (signed) on  11/8/2020          (date).

_____
Signature of Petitioner

Paul Joseph Martinez, G-08445

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

N/A
_____
N/A
_____
N/A
_____
N/A
_____

## VERIFICATION

State of California
County of: San Diego

(C.C.P. §445 & 2015.5; 28 U.S.C. §1746)

I, __Paul Joseph Martinez__   declare under penalty of perjury that I am the Declarant/Prisoner in the above entitled action; I have read the foregoing documents and know the contents thereof and the same is true of my own knowledge., except as to maters stated therein upon information, and belief, and as to those matters, I believe them to be true.

Executed this __10th__ day of __November__, in the year of __2020__ at R.J. Donovan Correctional Facility (RJD) 480 Alta Road, San Diego, CA 92179

Signature: _____
Paul Joseph Martinez, G-08445
(Declarant/Prisoner)

## PROOF OF SERVICE BY MAIL

(C.C.P. §1013 (a) & 2015.5; 28. U.S.C. §1746)

I, __Paul Joseph Martinez__   am a resident of R.J Donovan Correctional Facility (RJDCF), in the county of San Diego, state of California. I am over the age of eighteen (18) years of age and am / am not a party of the above entitled action. My state prison address is 480 Alta Road, San Diego, CA 92179.

On __November 10th, 2020__, I served the following:

Petition __Under 28 USC §2254 For Writ of Habeas Corpus; Points & Auth.__
(Set forth exact title of document served)

On the party(s) herein by placing a true copy(s) thereof, enclosed in a sealed envelope(s), with postage thereon fully paid, in the United States mail, in a deposit box so provided at RJDCF.

Office of the Attorney General
State of California
Post Office Box 944255
Sacramento, California  94244-2550

There is a delivery service by United States mail at the place so addressed, and there is regular communication by mail between the place of mailing and the place so addressed. I declare under penalty of perjury that the foregoing is true and correct.

Date: __November 8th, 2020__   _____
(Declarant/Prisoner)  (Plaintiff in Pro Se)
Paul Joseph Martinez, G-08445

MC-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Paul Joseph Martinez, G-08445/A-3-104 Lower<br>Richard J. Donovan Correctional Facility<br>480 Alta Road<br>San Diego, California  92179<br>    In Propria Persona | |

TELEPHONE NO: N/A        FAX NO *(Optional)*: N/A
E-MAIL ADDRESS *(Optional)*: N/A
ATTORNEY FOR *(Name)*: In Propria Persona

APPELLATE COURT OF CALIFORNIA, THIRD APPELLATE DISTRICT
STREET ADDRESS: 914 Capitol mall, 4th Floor
MAILING ADDRESS: Same As Above
CITY AND ZIP CODE: Sacramento, California  95814-4814
BRANCH NAME: Third Appellate District, San Joaquin

PLAINTIFF/PETITIONER: Paul Joseph Martinez,
DEFENDANT/RESPONDENT: Marcus Pollard, Warden (A)

| DECLARATION | CASE NUMBER |
|---|---|

Petitioner, Paul Joseph Martinez, hereby declares as followed the facts that support his petition for writ of habeas corpus by an inmate in State Custody.

As stated in the Information filed against petitioner, he was charged with multiple crimes.  While awaiting trial on the herein charges, the trial court refused to hold trial within the time limits mandated by law. Therefore, petitioner's court appointed trial counsel, after many requests by the petitioner to do so, filed a 1382 Motion To Dismiss   (See Exhibit E, attached hereto.)

Prior to trial the Superior Court heard arguements on the 1382 Motion To Dismiss.  After hearing the parties arguements the Court denied the 1382 Motion To Dismiss.

Petitioner continued to request from his court appointed trail counsel

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: July 17, 2020

In Propria Persona

Paul Joseph Martinez
(TYPE OR PRINT NAME)

(SIGNATURE OF DECLARANT)

☐ Attorney for  ☐ Plaintiff  ☒ Petitioner  ☐ Defendant
☐ Respondent  ☐ Other *(Specify)*:

| SHORT TITLE: Paul Joseph Martinez, G-08445 | CASE NUMBER |
|---|---|
| vs.  Marcus Pollard, Warden (A) et al., | |

**ATTACHMENT** *(Number).* <u>TWO OF THREE</u>

*(This Attachment may be used with any Judicial Council form.)*

to pursue the issue of denial of speedy trial rights.  However, without excuse the court appointed trial counsel failed and/or refused to do so in a timely manner.

Petitioner was finally taken to trial and convicted on some of the alleged charges and given multiple life terms with 60 years of a determinate term as the base   On a motion for re-sentencing petitioner received a lesser sentence in the term of 34 years 4 months.  However, his court appointed trial counsel on the motion was the same as his original trial counsel appointed by the court, and he failed again to seek review of the violated speedy trial rights.

Petitioner a lay person at law with limited education sought on his own behalf, a petition for writ of habeas corpus wherein he raised (3) three issues; Denial of Speedy Trial; Ineffective Assistance of Trial and Appellate; Trial Court unlawfully sentenced petitioner to multiple strikes for a single action on the same date.

The Superior Court of the County of San Joaquin received and heard the petition for writ of habeas corpus.  The Court did not appoint counsel to represent the petitioner.  On October 24, 2019, the Superior Court issued an ORDER denying the requested relief.  In that denial the Superior Court stated that petitioner had received ineffective assistance of court appointed trial counsel in that counsel should have, but failed to file a pre-trial writ of mandate to challenge the speedy trial rights violation. The Superior Court went on to state that the court appointed appellate counsel could not have raised the issue of the denial of the 1382 motion

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page __2__ of __3__

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev July 1, 2009]

**ATTACHMENT**
to Judicial Council Form

www.courtinfo.ca.gov

| SHORT TITLE: Paul Joseph Martinez, G-08445 | CASE NUMBER |
|---|---|
| vs.   Marcus Pollard, Warden (A) et al., | |

ATTACHMENT *(Number)* THREE OF THREE

*(This Attachment may be used with any Judicial Council form )*

on his direct appeal.   Petitioner never argued that court appointed appellate counsel should have raised the denial of the 1382 Motion to dismiss motion on direct appeal.   What he requested of his court appointed appellate counsel was to raise and brief an arguement of ineffective assistance of trial counsel for counsel's failure to file a pre-trial writ of mandate to challenge the denail of the 1382 Motion to dismiss by the trial court

There is ample evidence to show that both the trial counsel and appellate counsel were aware that petitioner's speedy trial rights had been violated in this case but they failed without excuse to protect the rights of the petitioner as is mandated by case laws cited herein.

Petitioner believes based on the herein raised arguements, that he is entitled to the full relief that he has requested in the petition for writ of habeas corpus filed in the Third Appellate District Court

Dated: July _____, 2020

Paul Joseph Martinez, G-08445/A-3-104 Lower
Richard J. Donovan Correctional Facility
480 Alta Road
San Diego, California 92179
In Propria Persona

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page __3__ of __3__

*(Add pages as required)*

**ATTACHMENT**
to Judicial Council Form

www.courtinfo.ca.gov

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

In re                              )
                                   )
                                   )
                                   )
     Paul Joseph Martinez,         )    CASE NUMBER:_____
                                   )    (Sup.Ct.Case  NO: SF105841A;      )
                                   )    (App.Ct.Case NO:  C058437;        )
                                   )    (Sup.Ct.Case NO:  009345;         )
                                   )    (App.Ct.HC CASE NO: C091479;      )
On Habeas Corpus._____         )    (Sup.Ct.HC CASE NO: S263388.      )


×*************************************************************************

PETITIONER'S MEMORANDUM OF POINTS AND AUTHORITIES IN

SUPPORT OF 28 U.S.C. §2254 PETITION FOR WRIT OF HABEAS

CORPUS BY AN INMATE IN STATE CUSTODY

*************************************************************************




                    Paul Joseph Martinez  G#08445/A-4 143 Lower
                    Richard J. Donovan Correctional Facility
                    480 Alta Road
                    San Diego, California 92179
                         In Propria Persona

## TABLE OF CONTENTS:

ITEM:                                                                    PAGE: NO:

I.    INTRODUCTION............................................... 1

II.   PARTIES.................................................... 2

III.  STATEMENT OF THE CASE...................................... 3

IV.   STATEMENT OF UNDISPUTED FACTS.............................. 9

V.    CONTENTIONS................................................10

VI.   REQUEST FOR RELIEF.........................................11

VII.  VERIFICATION..............................................13

VIII. MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION........14

IX.   CONCLUSION................................................44

X.    REQUEST FOR APPOINTMENT OF COUNSEL AND DECLARATION OF INDIGENCY....45

ATTACHED HERETO: [PROPOSED] ORDER TO SHOW CAUSE AND NOTICE TO FILE RETURN.46

PROOF OF SERVICE SUBMITTED HEREWITH.................................47


EXHIBITS IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS
SUBMITTED UNDER SEPARATE COVER PAGE

PETITIONER'S DECLARATION IN SUPPORT OF THE PETITION SUBMITTED HEREWITH....1-3

<u>TABLE OF AUTHORITIES:</u>

<u>CASE</u>:                                                              <u>PAGE</u>:

In re Birdwell (1996) 50 Cal.App.4th 926 [58 Cal.Rptr.2d 244]........... 2

In re Hoddinott, (1996) 12 Cal.4th 992 [50 Cal.Rptr.2d 706]............. 2

People v. Vargas, (2014) 59 Cal.4th 635, 639, 641 [174 Cal.Rptr.3d 277]. 7

People v. Romeo (1994) 8 Cal.4th 728, 737............................... 11

Delarosa v. Adams (Jan. 4, 2005) 2005 U.S. Dist. LEXIS 274.............. 15

Vansickel v. White, 166 F.3d 953, 957-58 (9th Cir. 1999)............... 15

Hines v. Enomoto, 658 F.2d 667, 673 (9th Cir. 1981)..................... 15

Coleman v. Thompson, 501 U.S. 722, 750, 115 L.Ed.2d 640 (1991).......... 15

People v. Wright, (12-27-1990) 52 Cal.3d 367 [52 Cal.3d 389]........... 19

People v. Kirkpatrick, (1972) 7 Cal.3d 480, 486........................ 19

Townsend v. Superior Court, (1975) 15 Cal.3d 774, 781.................. 19

People v. Johnson, (1980) 26 Cal.3d 557, 566-569 [162 Cal.Rptr. 431].... 19

Skyes v. Superior Court, (1973) 9 Cal.3d 83, 94 [106 Cal.Rptr. 786]..... 20

People v. Wilson, (1963) 60 Cal.2d 139, 146 [32 Cal.Rptr. 44, 383 P.2d]. 20

Medina v. Superior Court, (4-17-2000) 79 Cal.App.4th 1280.............. 20

Jackson v. Superior Court, (5-13-1991) 230 Cal.App.3d 1391............. 20

Arreola v. Muni. Ct., (1984) 35 Cal.3d 772, 782....................... 21

Klopfer v. North Carolina, (1966) 386 U.S. 213, 223................... 22

People v. Vargas, (2014) 59 Cal.4th 635, 639, 641..................... 27

Montalbo v. Frauenheim, (6-21-2017) 2017 U.S. Dist. LEXIS 96055........ 27

People v. Duvall, 9 Cal.4th 464, 467.................................. 28

In re Swain, 34 Cal.2d 300, 304, 209 P.2d 793 (1949).................. 28

Cross v. Sisto, 676 F.3d 1172, 1178 (9th Cir. 2016)................... 28

Curiel v. Miller, 830 F.3d 864, 869, 870 (9th Cir. 2016)............. 28

Brown v. Maass, 11 F.3d 914, 914-15 (9th Cir. 1993)................... 28

ii.

TABLE OF AUTHORITIES, CONTINUED:

CASE:                                                              PAGE:

People v. Superior Court, 13 Cal.4th 497, 508..........................29

Givan v. Santoro, (7-23-2018) 2018 U.S. Dist. LEXIS 122865.............29

Kimble v. Madden, (5-14-2018) 2018 U.S. Dist. LEXIS 139088.............30

Johnson v. United States, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015).......30

Lockyer v. Andrade, 538 U.S. 63, 123 S.Ct. 1166 (2003).................30

Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994)...................30

Richmond v. Lewis, 506 U.S. 40, 50, 113 S.Ct. 528,(1992)...............30

Strickland v. Washington, (1984) 466 U.S. 668, 686-692................32

People v. Ledesma, (1987) 43 Cal.3d 171, 215..........................32

People v. Pope, (1979) 23 Cal.3d 412, 425.............................32

People v. Nation, (1980) 26 Cal.3d 169, 179...........................33

People v. Horning, (1984) 150 Cal.App.3d 1015, 1022-1023..............33

People v. Coffman, (1969) 2 Cal.App.3d 681, 691.......................33

People v. Robertson, (1982) 33 Cal.3d 21, 42..........................33

People v. Moreno, (1987) 188 Cal.App.3d 1179, 1181....................33

People v. Jackson, (1986) 187 Cal.App.3d 499, 506.....................33

People v. Guizar, (1986) 180 Cal.App.3d 487, 492, fn. 3...............33

People v. Fosselman, (1983) 33 Cal.3d 572, 583-584....................33

People v. Howard, (1987) 190 Cal.App.3d 41, 48........................33

In re Harris, (1993) 5 Cal.4th 813, 833...............................33

Hernandez v. McDowell, (4-11-2018) 2018 U.S. Dist. LEXIS 104352........34

Smith v. Robbins, 528 U.S. 259, 285-86 (2000).........................34

Bailey v. Newland, 262 F.3d 1022, 1028 (9th Cir. 2001)................34

Daire v. Lattimore, 818 F.3d 454, 461 (9th Cir. 2016).................34

iii.

TABLE OF AUTHORITIES, CONTINUED:

CASE:                                                                    PAGE:

Pollard v. White, 119 F.3d 1430, 1435 (9th Cir. 2010)....................34

Evitts v. Lucey, 469, U.S. 387, 391-405 (1985)...........................35

Miller v. Keeney, 882 F.2d 1428, 1433 (9th Cir. 1989)....................35

Conlan v. Shewry (8-15-2005) 131 Cal.App.4th 1354........................37

Griset v. Fair Pol. Prac. Com., (2001) 25 Cal.4th 685, 696..............37

Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir. 1991)..................38

Van Pilon v. Reed, 799 F.2d 1332, 1338 (9th Cir. 1986)..................38

Townsend v. Sain, 372 U.S. 293, 312-13 (1963)...........................38

Basher v. Risley, 730 F.2d 1228, 1232 (9th Cir. 1984)..................39


OTHER:

Penal Code Section ¶1473(a)............................................. 1

Penal Code Section ¶1215 subd.(a)...................................... 3

Penal Code Section ¶1209 subd.(b)(1)................................... 3

Penal Code Section ¶1211.............................................. 3

Vehicle Code Section ¶10851........................................... 3

Penal Code Section ¶12022.subd.(b).................................... 4

Penal Code Section ¶11170.12 subd.(b)................................. 4

Penal Code Section ¶667 subd.(d)..................................... 4

Cal. Rules of Court, rule 4.551(f)................................... 11

Penal Code Section ¶236.............................................. 14

Penal Code Section ¶207............................................. 14

Code of Civil Procedure, 170.6...................................... 18

Penal Code Section ¶1382............................................ 18

Sixth Amendment of the United States Constitution...................... 21

California Constitution Article I, ¶13................................. 21

TABLE OF AUTHORITIES, CONTINUED:

OTHER:                                                                PAGE:

Fourteenth Amendment of the United States Constitution................... 21

Penal Code Section ¶686 subd. 1........................................ 22

Penal Code Section ¶1050.............................................. 22

Penal Code Section 1240.1............................................. 22

Penal Code Section ¶1240.1(d)......................................... 23

Penal Code Section ¶1240.1(e)(2)...................................... 24

Penal Code Section ¶1170.126 subd.(b)................................. 26

Code of Civil Procedure, ¶904.1....................................... 37

9 Witkin, Cal. Procedure (4th Edition 1997) Appeal.................... 37

Paul Joseph Martinez, G-08445/A-4-143 Lower
Richard J. Donovan Correctional Facility
480 Alta Road
San Diego, California 92170
    In Propria Persona

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re, | Case Number: |
| | (Sup.Ct.Case No.: SFI05841A; |
| | (App.Ct.Case No.: C058437; |
| | (Sup.Ct.Case No.: 009345; |
| Paul Joseph Martinez, | (App.Ct.Case No.: C091479; |
| | (Sup.Ct.HC Case No.: S263388. |
| | |
| | MEMORANDUM OF POINTS AND AUTHORITIES |
| | IN SUPPORT OF PETITION FOR WRIT OF |
| | HABEAS CORPUS BY AN INMATE |
| On Habeas Corpus. | IN STATE CUSTODY. |

I.

INTRODUCTION

1. Petitioner, Paul Joseph Martinez, is an inmate in the custody of the California Department of Corrections and Rehabilitation, (hereinafter CDCR) housed at Richard J. Donovan Correctional Facility, San Diego, California. He is lawfully submitting this petition for writ of habeas corpus within the meaning of California Penal Code Section §1473(a), which sets forth the function of habeas corpus in the California Courts:  "Every person unlawfully imprisoned or restrained of his liberty, under any pretense whatever, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment or restraint."

Likewise in accordance with 28 U.S.C. §2254 et seq., and any other applicable statute(s).

1.

1    2.  In the instant case petitioner will show by evidence that
2  he was denied his due process rights and equal protection rights in
3  his sentence when the trial court entered an illegal sentence in
4  this case by giving petitioner multiple strikes from a single case
5  which by law required only the imposition of a single strike. Due
6  to the illegal usage of multiple strikes from a single prior case,
7  the court illegally imposed a life term plus and  determinate term.
8  When by law the petitioner was eligible for only the determinate
9  term of imprisonment.

10    3.  In this case, petitioner will show that the Court actions
11  were taken in excess of the Court's authority and those may be
12  challengenged on habeas corpus even if there has been a delay in
13  filing for relief, as in the instant case before this Court.  Even
14  if the judgment in the case has previously been upheld on direct
15  appeal, as herein.  See In re Birdwell (1996) 50 Cal.App.4th 926
16  [58 Cal.Rptr.2d 244];  In re Hoddinott, (1996) 12 Cal.4th 992 [50
17  Cal.Rptr.2d 706].  Further issue(s) will be raised and proven by
18  the herein petitioner showing that he.is entitled to the relief
19  requested via this petition for writ of habeas corpus.

20                              II.

21                          PARTIES:

22    4.  Petitioner, Paul Joseph Martinez, is a prisoner serving a
23  unlawful sentence of Life, whom is currently incarcerated at the
24  Richard J. Donovan Correctional Facility, San Diego, California.
25    5.  Respondent, MARCUS POLLARD, is the Warden of R.J.D.C.F.,
26  and responsible for the care of petitioner, but in no way in he
27  associated with the herein criminal case nor the petition.

2.

1    6.   Christian L. Steiner, Deputy Public Defender, was trial

2  counsel appointed at the trial court level in this case.  Further,

3  the court again appointed this same Deputy Defender in a Penal Code

4  ¶1170.126 Petition For Recall of Sentence, which resulted in the

5  sentence imposed upon petitioner lowered to a term of 36 years 4

6  months to Life term currently imposed. The address of counsel is

7  102 S. San Joaquin Street, Room 1, Stockton, Ca. 95202.

8    7.   Keith J. McIntosh, Deputy District Attorney, was the Deputy

9  District Attorney, whom tried the case in the Superior Court.  His

10  address is 222 E. Weber Avenue, Room 202, Stockton, Ca. 95202.

11    8.   The Honorable, Georhe Abdallah, Jr., Judge, was the trial

12  judge in the Superior Court in this matter.  His address is 222 E.

13  Weber Avenue, #303, Stockton, Ca. 95202-2777.

14    9.   Valerie G. Wass, was the Appellate Attorney, appointed to

15  represent petitioner on/in his direct appeal of the herein case.

16  Her address is 556 S. Fair Oaks Avenue, Suite #9, Pasadena, Ca. 91105.

17                              III.

18                   STATEMENT OF THE CASE

19    10.  In an information filed on October 16, 2007, petitioner

20  Paul Joseph Martinez, was charged with the following seven felonies:

21  Count 1-carjacking (¶215, subd. (a)); Count 2- kidnapping to commit

22  robbery (¶209, subd.(b)(1)); Count 3- second degree robbery (¶211);

23  Count 4 - unlawful driving or taking of a vehicle (Veh.Code ¶10851,

24  subd. (a)); Count 5 - second degree robbery (¶211); Count 6-

25  kidnapping to commit robbery (¶209, subd. (b)(1)); and, Count 7-

26  unlawful driving or taking of a vehicle (Veh. Code ¶10851, subd.

27  (a)).  It was further alleged as to Count 5 that in the commission

3.

of the offense petitioner personally used a deadly and dangerous weapon, a knife (¶12022. subd.(b)).  The information also alleged that petitioner had suffered three prior "strike" convictions (¶¶1170.12, subd.(b), 667, subd. (d)).  (1Ct 93.)(See Exhibit "A")

11. An amended information was filed on November 2, 2007.  In addition to the same seven counts and three prior strike convictions alleged in the information, it alleged that the three prior strike convictions as well as an additional prior felony conviction con-stituted prior serious felony convictions within the meaning of section 667, subdivision(a).  (1CT 94-103.)(See Exhibit "A")

12. Petitioner filed a motion to dismiss for violation of his right to a speedy trial pursuant to section 1382.  (1CT 120-136.)  The prosecution filed written opposition to the motion.  (1CT 139-141.) On January 7, 2008, the court denied the motion.  (1CT 149.)

13. On January 8, 2008, the court granted the prosecutor's motion to dismiss Counts 1, 2, 3 and 4 due to insufficient evidence.  (1CT 160; 1RT 5.)  During trial the court granted the prosecutor's motion to renumber Count 5 as Count 1, Count 6 as Count 2, and Count 7 as Count 3.  (1CT 172; 1RT 256-257.)

14. The court granted the defense motion to bifurcate trial on the prior conviction allegations.  (1CT 161; 1RT 25.)  Trial was by jury.  On January 22, 2008, the jury found petitioner guilty of Counts 1 and 3 as charged.  It also found petitioner not guilty of Count 2 as charged, but guilty of the lesser included offense of felony false imprisonment (¶236).  The jury was unable to reach a verdict on the weapon allegation as to Count 1, and the allegation was stricken upon the motion of the prosecutor. (1CT 179-180, 183-187.)

4.

1      15.  Petitioner waived his right to a jury trial on the priors.
2  (1CT 162; 1RT 46-48.)  Following a bench trial, the court found that
3  petitioner had suffered all four of the prior felonies alleged in
4  the amended information. (1CT 333-334; 2RT 387-388.)  It subsequently
5  found that two of the priors qualified as prior serious felonies
6  pursuant to section 667, subdivision (a)(1).  (2RT 409.)

7      16.  Petitioner filed a motion requesting the court to dismiss
8  his prior strike convictions. _ (1CT 348-352.)  Following oral argu-
9  ment, the court denied the motion.  (1CT 353, 356; 2RT 404.)  On
10  Febraury 25, 2008, petitioner was sentenced to state prison for an
11  indeterminate term of 50 years-to-life, and a determinate term of
12  10 years.  The sentence was calculated as follows: a term of 25
13  years-to-life term was imposed on Count 1, a concurrent term of 25
14  years-to-life was imposed on Count 2, and a consecutive term of 25
15  years-to-life was imposed on Count 3.  Five year terms were imposed
16  for each of the two section 667, subdivision (a)(1) enhancements.
17  Petitioner received 163 days of presentence custody credits.  (2CT
18  355, 357, 368-369; 2RT 408-409.)  Petitioner filed a timely notice
19  of appeal.  (2CT 370.)

20  17.The Court of Appeal of the State of California, Third Appellate
21  District, San Joaquin, issued an Opinion on the Direct Appeal on
22  June 11, 2009.  In an non-published opinion the Court found the
23  following Disposition.  The judgment was modified, increasing pre-
24  sentence custody credit to a total of 187 days.  As modified, the
25  judgment is affirmed.  The trial court was directed to prepare an
26  amended abstract of judgment and to send a certified copy of the
27  amended abstract to the Department of Corrections & Rehabilitation.

COURT PAPER
STATE OF CALIFORNIA
STD 113 (REV. 8-72)

85 34769

1   The Appellate Court decision is attached hereto as Exhibit "B". The

2   Arguements raised on direct appeal for petitioner were:

3           I. THE TRIAL COURT ERRED BY FAILING
             TO STAY THE SENTENCE ON COUNTS 2
4            AND 3 BECAUSE THE ROBBERY, THE
             FALSE IMPRISONMENT, AND THE
5            UNLAWFUL DRIVING OR TAKING OF A
             VEHICLE WERE COMMITTED DURING
6            AN INDIVISIBLE COURSE OF CONDUCT
             WITH THE SINGLE INTENT AND
7            OBJECTIVE OF COMMITTING THE
             ROBBERY ON TREJO.

8          II. APPELLANT IS ENTITLED TO 24
9            ADDITIONAL DAYS OF PRESENTENCE
             CUSTODY CREDIT BECAUSE THE
10           TRIAL COURT FAILED TO AWARD HIM
             THE 24 DAYS CONDUCT CREDIT TO
11           WHICH HE WAS ENTITLED.

12   18.As the direct appeal opinion shows the additional credits were

13   granted by the appellate court, but the conviction was confirmed

14   in all other aspects.  Of note is that petitioner's appellate counsel

15   Valerie G. Wass, Esquire, raised no other issue(s) on direct appeal

16   even though the petitioner had requested that she do so on his behalf.

17   19. Petitioner, in propria persona filed in the Superior Court

18   of California, County of San Joaquin, a Petition For Recall of Sentence

19   (Pen. Code Section ¶1170.126 subd. (b)) in 2014.  Upon the Court

20   reviewing this petition by petitioner, it on it's own motion again

21   appointed the San Joaquin County Public Defender's Office to repre-

22   sent petitioner in that action.  Chris Steiner, Esquire, whom was

23   petitioner's trial counsel was the attorney appointed to defend

24   and/or present the recall petition to the Court.  (See Exhibit "C")

25   On February 29, 2016, the Superior Court entered a modified sentence

26   for petitioner for a term of 36 years 4 months to life instead of the

27   previously imposed 60 years to life in prison term. (See Exhibit "D")

6.

20. After Chris Steiner, had again been appointed to represent the petitioner in this case, (2) items of concern took place. First petitioner requested that counsel, again raise the issue of denial of speedy trial in this case, which counsel had argued prior to trial but had lost for no lawful reason.  Secondly, the newly decided case of the People v. Vargas,59 Cal.4th 635, 639, 641, 174 Cal.Rptr.3d 277, 328 P.3d 1020 (2014).  In the Vargas case it was determined by the California Supreme Court that if a person suffered more than one charge per case, it would result in no more than one strike at sentencing.  In this case at hand it is and always has been stressed by all parties involved that petitioner received his first and second strike in this case out of the events of a single case not multiple case, nor multiple separate acts on other dates. See Exhibit B at page 2 lines 13 and 14.  Therefore, lawfully the petitioner has only suffered a single prior strike which added to the instant conviction results in petitioner having a total of only (2) two strikes which takes him out of the life sentence structure.

21. As stated petitioner's appointed trial counsel did file a Motion to Dismiss for Denial of Speedy Trial.  (See Exhibit E.)

22. On January 7, 2008, the trial court judge denied the petitioner's motion to dismiss for denial of speedy trial even though it had been proved beyond doubt that such a speedy trial violation had occurred in this case due to no fault of petitioner's.

23. On February 25, 2008, through appointed counsel, petitioner filed his Invitation To Strike A Prior Conviction.  (See Exhibit G.)

24. While ruling to deny the motion to strike a prior conviction the trial court admits that the alleged strikes occurred on one event.

7.

1 (See Exhibit H at page 403 line 28 and page 404 lines 1 and 2.)

2    25.  After the conviction in this case the Court set the motion

3 date for sentencing petitioner.  At the sentencing petitioner's

4 court appointed counsel pointed out to the court, again, that there

5 had been and may have been multiple sentencing errors to which the

6 court refused to act on petitioner's behalf.  Therefore, the court

7 appointed counsel objected to those errors and any future errors of

8 a sentencing nature in the light that future cases may change the

9 imposed lawful   sentence to which petitioner was being sentenced.

10 By so do the court appointed counsel preserved any and all objections

11 and future challenges to the imposed sentence upon petitioner of a

12 third strike nature.  (See Exhibit I, page 407 lines 22 through 28,

13 and page 408 lines 1 and 2.)

14    26.  Thereafter the court imposed a sentence of 60 years to life

15 upon petitioner.  As stated prior in this case, the recall of sentence

16 that transpired in 2016 reduced that sentence to a term of 34 years

17 4 months to life.  Which is still an incorrect sentence in this matter.

18    27.  As petitioner's court appointed trial counsel did make a

19 timely onjection to the imposition of the illegal sentence and any

20 future challenges to that sentence if new case law was to be decided

21 this petition for writ of habeas corpus is timely as a matter of

22 law in the State of California for the above stated reasons.

23    28.  Petitioner has exhausted his remedies in the Appellate Court

24 (See Exhibit "K", and prior to that he sought exhaustion in the

25 California Superior Court. (See Exhibit "J" hereto.) All exhaustion

26 has been sought and denied prior to filing in this Honorable Court.

27 ///

8.

IV.

## STATEMENT OF UNDISPUTED FACTS

28.  Defendant recites the facts as stated by the Court of Appeal, of the State of California, Third Appellate District (San Joaquin) which reads as follows.  Defendant robbed a man, falsely imprisoned him, and took his car.  Convicted by jury and sentenced under the "Three Strikes" law, defendant timely appealed.  On direct appeal defendant contended the trial court erred by (1) imposing unstayed terms for all three crimes and (2) failing to award him conduct credits for his presentence custody.  Only the latter contention was determined to have merit by the court of appeals.  The Court of Appeal therefore awarded conduct credits and affirmed the judgment as modified in all other aspects.  (See Exhibit "B", hereto.)

///
///
///
///
///
///
///
///
///
///
///
///
///
///

9.

V.

CONTENTIONS

1.

PETITIONER WAS DENIED THE RIGHT TO A SPEEDY
TRIAL IN THIS MATTER OVER OBJECTION MADE BY
PETITIONER'S COURT APPOINTED TRIAL COUNSEL.

2.

THE TRIAL COURT IMPROPERLY SENTENCED PETITIONER
TO A LIFE TERM BY USING MULTIPLE STRIKES FROM A
SINGLE PRIOR OCCURRANCE WHEN PETITIONER SHOULD
HAVE BEEN SENTENCED AS A SECOND STRIKE PERSON.

3.

PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE
OF COURT APPOINTED TRIAL COUNSEL TO WHICH HE IS
ENTITLED TO BY THE UNITED STATES CONSTITUTION,
AS WELL AS DENIED EFFECTIVE COUNSEL ON DIRECT APPEAL.

4.

IN DENYING THE PETITION FOR WRIT OF HABEAS CORPUS
AT THE SUPERIOR COURT LEVEL, THE TRIAL JUDGE STATED
THAT PETITIONER HAD SUFFERED INEFFECTIVE ASSISTANCE
OF TRIAL COUNSEL, YET THE COURT FAILED TO GRANT THE
PETITIONER THE RELIEF HE IS ENTITLED TO BY LAW.

10.

# VI.

## REQUEST FOR RELIEF

Petitioner is without remedy save for habeas corpus.  Accordingly, petitioner requests that the Superior Court of California:

1.  Issue a writ of habeas corpus;

2.  Issue an Order To Show Cause;

3.  Declare the rights of the parties;

4.  Reverse the unlawfully imposed Third Strike Sentence of 34 years 4 months to Life, to a determinate term of imprisonment in light of the recent changes in California case law;

5.  Order an immediate Evidentiary Hearing and Discovery per California Rules of Court, rule 4.551(f); People v. Romeo (1994) 8 Cal.4th 728, 737;

6.  Remand petitioner back to the Superior Court of San Joaquin County and set the case at pre-trial rediness level;

7.  ORDER that petitioner be afforded the lawful sentence of a total not to exceed allowable SECOND STRIKE term, which does not included a life term;

8.  If the District Attorney does not decide to comply with the request for sentence reduction, set the case for trial without delay based on the previous violation of a speedy trial right;

9.  appoint counsel or award reasonable attorney's fees;

10;  ORDER expedited briefing because petitioner has been illegally restrained and confined since 2008, due to this unlawful life term sentence based on a no allowable Third Strike; and,

11.  Grant any and/or all other necessary or appropriate relief the Court may deem necessary to resolve this matter.

11.

1

2    Dated: November _8_ , 2020      Respectfully submitted,

3

4                                    Paul Joseph Martinez, G-08445/A4-143
                                     ROD Correctional Facility
5                                    480 Alta Road
                                     San Diego, California  92179
6                                     In Propria Persona

7

8                          .

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23                                                              .

24

25

26

27

12.

## VII.

## VERIFICATION

I, Paul Joseph Martinez, state:

I am the petitioner in this action. I have read the foregoing petition for writ of habeas corpus and the facts stated therein are true of my own knowledge, except as to matters that are therein stated on my own belief and information, and as to those matters I believe them to be true.

I declare under the penalty of perjury that the foregoing is true and correct and that this declaration was executed at Richard J. Donovan Correctional Facility, San Diego, California on November _____ 8th _____, 2020.

Respectfully Submitted,

Paul Joseph Martinez, G-08445/A-4-143 L
RJ Donovan Correctional Facility
480 Alta Road
San Diego, California 92179
In Propria Persona

COURT PAPER
STATE OF CALIFORNIA
STD 113 (REV 3-95)
OSP 98 10924

VIII.

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PETITION FOR WRIT OF
HABEAS CORPUS BY AN INMATE IN STATE
CUSTODY.

1.

PETITIONER WAS DENIED THE RIGHT TO A SPEEDY
TRIAL IN THIS MATTER OVER THE OBJECTION MADE BY
PETITIONER'S COURT APPOINTED TRIAL COUNSEL.

The instant case arose out of charges that were alleged to have transpired on September 15, 2007.  (See Exhibit A, hereto). However, the sentencing did not take place until February 25, 2008, wherein the petitioner was sentenced to (2) two consecutive and (1) one concurrent sentence of 25 years to life in prison.  One of the sentences was imposed on Count 1, a felony violation of penal Code Section ¶211 (2nd Degree Robbery), another sentence was imposed on a lesser to Count 2, a felony violation of Penal Code Section ¶236 (Martinez was acquitted of a charge of Penal Code Section ¶209 [kiddnapping] but found guilty of a lesser offense, Penal Code Section ¶236- False Imprisonment) and the other sentence was imposed on Count 3, a felony violation of Vehicle Code Section ¶10851 (taking or driving a stolen vehicle).

The "strike" offenses by which petitioner's sentence was then enhanced to a life term were convictions for which he was not excluded under the newly enacted section 667, subdivision (e)(2)(C).  At a bifurcated bench trial on January 24, 2008, Judge Abdallah found the following "strikes" to be true" a felony conviction for violating section 211 (robbery), a felony conviction for violating section 207 (kidnapping) and a felony conviction for violating

14.

1  section 245(a)(2) (assault with a firearm on a person) with all
2  three convictions suffered on December 10, 1990. (See Exhibit
3  C at page 2; Exhibit G; Exhibit H and Exhibit I hereto.)

4      Of note in this matter is that prior to sentencing of petitioner
5  his court appointed trial counsel filed a written objection to
6  the sentence level imposed as well as preserving the right to raise
7  sentence error issue(s) in the future, if there was any change
8  in California case law. (See Exhibit I, at page 407 lines 22 through
9  28.) The trial judge granted that preservation of right as counsel
10 had objected. (See Exhibit I, at page 408)

11     Therefore, there are no delays in raising the herein issue(s).
12 If there is any question as to the timeliness of this petition,
13 then petitioner would and does rely on the pre-sentence objections
14 made by his court appointed trial counsel as well as on the argu-
15 ment of ineffective assistance of counsel, infra, at Argument #3.

16     See Delarosa v. Adams, (Jan. 4, 2005) 2005 U.S. Dist. LEXIS 274:
17 "The Ninth Circuit has consistently held that California's contem-
18 poraneous objection rule, which requires objection at time of trial
19 to preserve an issue for appeal, is an adequate procedural bar
20 to federal habeas corpus. See Vansickel v. White, 166 F.3d 953,
21 957-58 (9th Cir. 1999); Hines v. Enomoto, 658 F.2d 667, 673 (9th
22 Cir. 1981). The California Court of Appeals invocation of Califor-
23 nia's contemporaneous objection rule here accordingly precludes
24 federal review of petitioner's prosecutorial misconduct claims
25 unless petitioner can demonstrate cause for the default and actual
26 prejudice as a result of the alleged violation of federal law,
27 or demonstrate that failure to consider the claims will result

1   in a fundamental miscarriage of justice.  See Coleman v. Thompson,

2   501 U.S. 722, 750, 115 L.Ed.2d 640, 111 S.Ct. 2546 (1991).

3       Petitioner having shown that there (1) has been no undue delay

4   on his behalf to raise the herein issue(s); (2) that if the court

5   deems there has been substantial delay, petitioner's court appointed

6   trial counsel made a timely objection and preserved the right to

7   raise these issue(s) at any future date, such as via this petition

8   for writ of habeas corpus.

9   Denial of Speedy Trial:

10      An information was filed in the above-entitled court case

11  and petitioner was arraigned on October 24, 2007.  Petitioner entered

12  a plea of not guilty on a time not waived basis.  Trial was set

13  for December 3, 2007.  On December 3, 2007, petitioner's trial

14  was continued until December 17, 2007, because his attorney repre-

15  sented to the court that he was occupied in another jury trial.

16  Petitioner stated that the continuance violated his right to a

17  trial within 60 days.  The court pointed out that the 60 day period

18  did not expire until December 24, 2007.  On December 17, 2007,

19  the case was continued until December 19, 2007, because his attorney

20  represented to the court that his other trial would not go to the

21  jury until late in the morning of December 18, 2007.  On December

22  19, 2007, petitioner's case was called at approximately 9:00 to

23  9:30 a.m.  Petitioner's attorney announced that because his other

24  trial had already been submitted to the jury that the defense was

25  ready to proceed.  The court pronounced it's intent to continue

26  petitioner's matter until December 20, 2007, and assigned the case

27  of the People v. Patrick Jackson to trial immediately in Department

16.

1  23 in front of the Honorable Judge Garber.   Since petitioner'
2  attorney represents the defendant in People v. Patrick Jackson,
3  this would render petitioner' attorney unavailable to begin trial
4  on December 20, 2007.   Petitioner's attorney objected to setting
5  petitioner's trial after the time set for trial for People v. Patrick
6  Jackson. Petitioner's attorney pointed out that petitioner's 60
7  day period expired on December 24, 2007, whereas Mr. Jackson's
8  60 day period would not expire until December 28, 2007.   Petitioner's
9  attorney argued that this fact entitled petitioner's case to pre-
10 ference over Mr. Jackson's case.   The court stated that it believed
11 Mr. Jackson's case had previously come on for a scheduled jury trial
12 and was continued and was therefore entitled to preference over
13 petitioner's case.   The Court based this conclusion on the assump-
14 tion that petitioners' case had not previously come on for jury
15 trial and been continued.

16     After a review of both cases the court acknowledged that the
17 petitioners' case had already been on for jury trial and had already
18 been continued.   The court further acknowledged that petitioner's
19 case had been on for trial and continued on Decemebr 3, 2007, one
20 week before Mr. Jackson's case was continued.   (December 10, 2007).

21     The court also inquired of both presecuting attorney's in
22 People v. Martinez and People v. Jackson, as well as the defense
23 attorney for both cases and determined that both trials were pre-
24 dicted to last the same duration, approximately two to three weeks.
25 After this discussion, the court agreed to assign petitioner's
26 case for trial immediately to Department 23 in front of the Hon-
27 orable Judge Garber.   Petitioners' attorney filed an affidavit

1  pursuant to California Code of Civil Procedure Section ¶1170.6.

2  The court then assigned petitioner's trial to Department 11 to

3  be heard in front of the Honorable Judge Saiers.  The People then

4  filed an affidavit pursuant to the California Code of Civil Procedure

5  Section ¶1170.6.  The court then stated that because of counsel's

6  actions, the court was assigning Mr. Jackson's case for trial

7  immediately in Department 23 in front of the Honorable Judge Garber

8  and was continuing petitioner's case until another day.

9       The court did this knowing that the Honorable Judge Garber,

10  would be on vacation on December 26 through December 29 and that

11  Mr. Jackson's trial would be on hold for three days.  A jury was

12  impaneled in Mr. Jackson's case on December 19, 2007, and the trial

13  was scheduled to conclude on or shortly before January 11, 2008.

14       Based upon the above cited facts petitioner's court appointed

15  trial counsel filed a Motion to Dismiss For Violation Of Speedy

16  Trial Pursuant to Penal Code Section ¶1382.  The hearing was set

17  for December 26, 2007, at 08:30 a.m. in Department 25.  (See Exhibit

18  E, attached hereto.)

19       The heraing was held and an ORDER issued on January 7, 2008,

20  denying petitioner's Motion To Dismiss For Speedy Trial Violation.

21  (See Exhibit F, attached hereto.)

22       Thereafter, petitioner was taken to trial and found guilty

23  and sentenced to multiple life terms plus indeterminate prison

24  terms.  Petitioner through court appointed trial counsel did file

25  a timely Notice of Appeal.

26       On Direct Appeal petitioner had court appointed appellate

27  counsel by the name of Valerie G. Wass, Esquire.  Petitioner promptly

1 contacted appointed appellate counsel and informed her of the issues

2 petitioner believed should be raised on direct appeal.  Of concern

3 to petitioner was the denial of Speedy Trial, cited above, as well

4 as the court granting to prosecution, mid-trial, a delay of one

5 week in which to locate and prepare it's key witness in this case

6 to testify against petitioner.  Petitioner's court appointed appellate

7 counsel refused without excuse to review, brief and/or argue the

8 issue(s) of denial of Speedy Trial even though petitioner had

9 pleaded with counsel via letter to do so.  (See Argument #3, Infra.)

10    See People v. Wright, (Dec. 27, 1990) 52 Cal.3d 367 [52 Cal.3d

11 389]:

12    1. Speedy Trial

13    Defendant first contends that his conviction must be reversed

14 due to a violation of his statutory right to a speedy trial.  Former

15 section §1382 (applicable here) provided, in pertinent part: "[t]he

16 court, unless good cause to the contrary is shown, must order the

17 action to be dismissed in the following cases:... [para]2.  When a

18 defendant is not brought to trial in a superior court within 60

19 days after the...filing of the information...."

20    "(1) A continuance granted at the request of counsel normally

21 constitutes such good cause (People v. Kirkpatrick, (1972) 7 Cal.3d

22 480, 486 [102 Cal.Rptr. 744, 498 P.2d 992]), at least in the absence

23 of evidence showing incompetency of counsel.  (Townsend v. Superior

24 Court, (1975) 15 Cal.3d 774, 781 [126 Cal.Rptr. 251, 543 P.2d 619])

25 or circumstances where counsel's request for a continuance is

26 prompted only by the need to service other clients and the defendant

27 himself objects to the delay.  (People v. Johnson, (1980) 26 Cal.3d

1  557, 566-569 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255].)

2  (2) Moreover, a defendant's failure to timely object to the delay

3  and thereafter move for dismissal of the charge's is normally deemed

4  a waiver of his right to a speedy trial.  (Skyes v. Superior Court,

5  (1973) 9 Cal.3d 83, 94 [106 Cal.Rptr. 786, 507 P.2d 90];  People

6  v. Wilson, (1963) 60 Cal.2d 139, 146 [32 Cal.Rptr. 44, 383 P.2d

7  452].)

8      Petitioner in the instant case did timely object to any delay

9  of his Speedy Trial Right and refused to waive time on the issue.

10 Likewise, petitioner attempted to have court appointed appellate

11 counsel raise a timely direct appeal argument on this issue which

12 appellate counsel refused, for no lawful nor tactical reason, to

13 do so.  (See Argument #3, Infra.)

14      Medina v. Superior Court, (April 17, 2000) 79 Cal.App.4th 1280

15 at page 79 Cal.App.4th 1286:

16      "(2) The statutory time period in which a felony matter must

17 be brought to trial is set forth in penal Code Section §1382.  The

18 statutory scheme provides that in the absence of a showing of good

19 cause for delay, an information must be dismissed if the accussed

20 is not brought to trial within 60 days of the date on which he or

21 she was arraigned on aninformation.  (Pen.Code §1382, subd.(a)(2)).

22 An exception to this rule applies when a defendant requests or

23 consents to the setting of a trial date beyond the 60-day period

24 by request or consent, expressed or implied, of the defendant without

25 a general waiver, the defendant shall be brought to trial on the

26 date set for trial or within 10 days thereafter."

27      In Jackson v. Superior Court, (May 13, 1991) 230 Cal.App.3d

1    1391 at page 230 Cal.App.3d 1394:

2         "2. Priority of Criminal Matters Section 1050, subdivision
3    (a), gives priority to criminal matters "without regard to the
4    pendency of, any civil matters or proceedings."  Absent exceptional
5    circumstances, court congestion does not constitute good cause
6    for delay.  Arreola v. Municipal Court, (1984) 35 Cal.3d 772, 782
7    [200 Cal.Rptr. 916, 677 P.2d 1206].)  The trial judge stated Jackson's
8    trial must be delayed because a defendant must be present in his
9    courtroom no later than 9:30 a.m. for assignment to a courtroom
10   in order to avoid interruption of civil trials in progress.  The
11   validity of the court's policy need not be addressed as there was
12   no showing assignment of his case for trial in a civil court would,
13   in fact, interrupt a civil trial in progress.  No inquiry as to
14   availability of a civil court was made."

15        Relying on Skyes v. Superior Court, (1973) 9 Cal.3d 83, 88-
16   89 [106 Cal.Rptr. 786, 507 P.2d 90] respondent argues that he is
17   not required to make any showing to justify dismissal, other than
18   that the period allowed for in section §1382 had elasped; in parti-
19   cular, he contends that he is not required to show that he has
20   been prejudiced by the delay.

21        The court found that the right to a speedy trial was a funda-
22   mental right secured by U.S. Constitutional Amendment VI and Calif-
23   ornia Constitutional Article I, §13.

24        The right to a speedy trial is a fundamental right secured
25   by United States Constitutional Amendment 6, and made applicable
26   to the States by the Fourteenth Amendment of the United States
27   Constitution.  Moreover, California Constitution Article I, §13

1 independantly guarantees the right to a speedy trial and the Legis-

2 lature has, in Penal Code §686, subd.1, made provision for "a speedy

3 and public trial" as one of the fundamental rights preserved to a

4 defendant in a criminal action. Klofer v. North Carolina, (1966)

5 386 U.S. 213, 223 [18 L.Ed.2d 1, 87 S.Ct. 988]. The policy behind

6 the right to a speedy trial is expressed in section §1050 which

7 states: "The welfare of the people of the State of California

8 requires that all proceedings in criminal cases shall be set for

9 trial and heard and determined at the earliest possible time, and

10 it shall be the duty of all courts and judicial officers and of

11 all prosecuting attorney's to expedite such proceedings to the

12 greatest degree that is consistent with the ends of justice."

13    In the instant petition for writ of habeas corpus before this

14 Honorable Court it is clear that the trial judge, without lawful

15 cause did violate the Speedy Trial Rights of petitioner in this

16 case. Even though court appointed trial counsel objected and filed

17 a Motion to Dismiss based on said Speedy Trial Violation(s), counsel

18 was ineffective in that these issue(s) were not presented to the

19 petitioner's court appointed appellate counsel so the issue(s)

20 could be reviewed, raised and briefed on direct appeal for petitioner.

21    According to California Penal Code Section §1240.1 Indigent

22 appeals. (a) In any noncapital criminal, juvenile court, or civil

23 commitment case wherein the defendant would be entitled to the

24 appointment of counsel on appeal if indigent, it shall be the duty

25 of the attorney who represented the person at trial to provide

26 counsel and advice as to whether arguably meritotious grounds exist

27 for reversal or modification of the judgment on appeal. The

attorney shall admonish the defendant that he or she is not able to provide advice concerning his or her own competancy, and that the State Public Defender or other counsel should be consulted for advice as to whether an issue regarding the competency of counsel should be raised on appeal.  The trial court may require trial counsel to certify that he or she has counseled the defendant as to whether arguably meritorious grounds for appeal exist at the time a Notice of Appeal is filed.  Nothing in this section shall be construed to prevent any person having a right to appeal from doing so.

Petitioner in this case had this exact issue.  His court appointed trial counsel, was the Public Defender's Office, and it was therefore, impossible for the petitioner to obtain adequate advice on which issue(s) to raise via direct appeal, especially on the issue of ineffective assistance of court appointed trial counsel in this matter.  (See Argument #3, Infra.)

California Penal Code Section §1240.1(d):

"(d) The failure of a trial attorney to perform any duty pro-scribed in this section, assign any particular point or error in the Notice of Appeal, or designate any particular thing for inclusion in the record on appeal shall not foreclose any defendant from filing a Notice of Appeal on his or her own behalf or from raising any point or argument on appeal; nor shall it foreclose the defendant or his or her counsel on appeal from requesting the augmentation or correction of the record on appeal in the reviewing court."
As a matter of statute petitioner's court appointed appellate counsel had a duty and the right to raise these issue(s) on direct appeal.

1    California Penal Code Section §1240.1(e)(2):

2    "The duties imposed on trial counsel in paragraph (1) shall
3    not foreclose the defendant's appellate counsel from requesting
4    additions or corrections to the record on appeal in either the
5    trial court or the California Supreme Court in a manner provided
6    by rules of court adopted by the Judicial Council."

7    Based upon the aforementioned facts as supported by the hereto
8    attached Exhibits in support of the petition for writ of habeas
9    corpus, petitioner has made a prima facie case that he was denied
10   his Speedy Trial rights. And but for the ineffective assistance
11   of both court appointed trial counsel and court appointed appellate
12   counsel, the outcome of this case would have been different. (See
13   Argument #3, Infra.)

14   Therefore this case in it's entirity should be dismissed forth-
15   with. In the alternative if the District Attorney should agree
16   to set the sentence in this matter at a determinate term without
17   the Life term top as a Second Strike case, petitioner will waive
18   any further and/or future appeal(s) of this case and unlawful sentence
19   currently imposed in the amount of 34 years 4 months.

20   ///
21   ///
22   ///
23   ///
24   ///
25   ///
26   ///
27   ///

2.

**THE TRIAL COURT IMPROPERLY SENTENCED PETITIONER TO A LIFE TERM BY USING MULTIPLE STRIKES FROM A SINGLE PRIOR OCCURRANCE WHEN PETITIONER SHOULD HAVE BEEN SENTENCED AS A SECOND STRIKE PERSON.**

As listed in the Statement of the Case, supra, the instant matter before the Court is concerning a set of charges that lead the court to impose multiple life terms based on an alleged multiple strikes being imposed for a single conviction that transpired on December 10, 1990. The December 10, 1990, case occurred on the same date and was resolved via plea bargain that did not mention that the guilty plea in that case could/would be used to impose multiple strikes if petitioner suffered any further/future convictions.

Petitioner's court appointed trial counsel via written motion and verbally at a court hearing challenged the sentence imposed by the trial court and objected on that basis. Further, counsel preserved the right of petitioner to challenge the imposed multiple life sentences if at any time in the future case law was decided in petitioner's favor. (See Exhibit I, at page 407 lines 22 through 28 and page 408 lines 1 and 2.)

The court on multiple dates in multiple hearing(s) admitted on record that petitioner's prior strike(s), the (2) two priors the court used to make this a Third Strike case had occurred in one event. (See Exhibit H at page 403 line 28 and page 404 lines 1 and 2; line 9; and lastly line 17.) Petitioner was sentenced in January 2008, to a total sentence of 50 years to life with 10 years of enhancements concurrently for a total of 60 years to life. (See Exhibit I at page 409.)

In 2014, petitioner acting on his own behalf in propria persona

1    filed a Petition for Recall the sentence per Penal Code Section
2    §1170.126 subd. (b). (See Exhibit C, hereto.) After the Superior
3    Court reviewed the petition for recall it appointed the Public
4    Defender's Office to represent petitioner. Thereafter, the Public
5    Defender's Office again appointed Deputy Public Defender, Chris
6    Steiner, Esquire, to assist petitioner. Public Defender Steiner,
7    was the court appointed trial counsel for petitioner in this case
8    at trial.

9        Because of the Petition for recall of the sentence, the Court
10   reduced petitioner;s 60 years to life term to a term of 34 years
11   4 months to life. (See Exhibit D, hereto.) Of importance to this
12   matter is that petitioner filed his Petition to Recall Sentence
13   in September 2014, and the ruling was not issued until February
14   29, 2016. (See Exhibit D, hereto.) On July 10, 2014, the case
15   of People v. Vargas, (2014) 59 Cal.4th 635, 639, 641 [174 Cal.rptr.3d
16   277, P.3d 1020] was decided in the appellate court. That case
17   is/was directly on point with the subject matter of this case at
18   bench. Petitioner's court appointed trial counsel, ahd preserved
19   the right to argue any future challenges to the Three Strikes Sentence
20   imposed upon petitioner in this case in 2008. (See Exhibit I at
21   page 403 lines 22 through 28.) However, the court appointed trial
22   counsel, failed without excuse to raise, brief and argue the use
23   of (2) two strikes in this case from a single prior, on the same
24   date, even though counsel was aware of that issue and case cite.
25   (See Exhibit H at page 403 line 28 and page 404 lines 1 and 2.)
26   Due to this failure of court appointed trial counsel to raise the
27   multiple strike, single case grounds, petitioner was denied the

1    effective assistance of court appointed trial counsel, and post-
2    trial counsel. (See Argument #3, Infra.)

3        In People v. Vargas, (2014) 59 Cal.4th 635, 641 [174 Cal.Rptr.3d
4    277, 328 P.3d 1020] the court decided "(finding that two prior
5    convictions could not be used as two separate "strikes" under Calif-
6    ornia's Three Strikes law where the two prior felony convictions
7    were tried in the same proceeding, were committed at the same time
8    against the same victim, and arose from a single act.) (Vargas
9    claim").

10        The Case Summary of People v. Vargas, supra, 59 Cal.4th 635
11   reads: "Trial Court should have dismissed one of defendant's prior
12   strike allegations.  This was one of the extraordinary cases in
13   which the nature and circumstances of defendants's prios strike
14   convictions demonstrated trial court was required to dismiss one
15   of them because failure to do so would be inconsistent with the
16   spirit of the Three Strikes Law."  Petitioner's court appointed
17   trial counsel did file an Invitation To Strike Prior Conviction
18   on February 22, 2008.  (See Exhibit G, hereto.)  During the hearing
19   on said Invitation to Strike Prior, the court refused to strike
20   one of the (2) two strikes which the Court admitted occurred in
21   one incident/event on one date.  (See Exhibit H at page 403 line
22   28 and page 404 lines 1 and 2.)  Had the court had the benefit
23   of the ruling made in the people v. Vargas, supra, it would have
24   known that the use of (2) two strikes from a single prior action
25   was prohibited.

26        See Montalbo v. Frauenheim, (June 27, 2017) 2017 U.S. Dist.
27   LEXIS 96055:

1          "Ground #5 Sentencing Error.  Petitioner claimed for the first
2     time in a state habeas petition that his right to due process and
3     a jury trial were violated when the trial court failed to strike
4     one of the prior strikes on the grounds that they all stemmed from
5     a single act.  As mentioned above, the state high court denied
6     this petition with citations to People v. Duvall, 9 Cal.4th 464,
7     474 [37 Cal.Rptr.2d 259, 886 P.2d 1232 (1995), and In re Swain,
8     34 Cal.2d 300, 304, 209 P.2d 793 (1949)[5]

9          "(Footnote 5 The Court notes that these citations indicate
10    an issue of procedural default.  See Cross v. Sisto, 676 F.3d 1172,
11    1178 (9th Cir. 2012) (where a state high court denies a state petition
12    without comment but with citations to Swain and Duvall, the indication
13    is that the habeas petition was procedurally deficient); see also
14    Curiel v. Miller, 830 F.3d 864, 869, 870 (9th Cir. 2016) (en banc)
15    (California Supreme Court denial with citations to Swain and Duvall,
16    but no citation to an untimeliness case, means petition was dismissed
17    as insufficiently pleaded).  However, respondent has waived a pro-
18    cedural default argument by failing to raise it.  Brown v. Maass,
19    11 F.3d 914, 914-15 (9th Cir. 1993).)"

20         In the case at issue herein there has been no procedural default
21    as petitioner's court appointed trial counsel made a timely objection
22    to the sentence imposed and preserved any future right to raise
23    the issue(s) based on any change in Third Strike case law.  (See
24    Exhibit I, hereto.)  If the respondent's attempt to raise a time-
25    liness issue, then petitioner would refer the Court to Argument
26    #3, Infra, as court appointed trial counsel had the duty to, and
27    ability to raise this issue(s) during the Petition For Recall of

1  Sentence between October 2014 and February 2016, but failed, without
2  excuse to do so.

3      At footnote #7 People v. Superior Court, 13 Cal.4th 497, 508,
4  [53 Cal.Rptr.2d 789, 917 P.2d 628] )1996) (interpreting California
5  Penal Code Section §1385(a) as permitting a trial court, on it's
6  own motion, to strike prior felony conviction allegations in a
7  case brought under the Three Strikes law.)  Which is what the trial
8  court in this instance should have done by striking a prior in/of
9  the December 10, 1990 conviction.

10      Likewise in Givan v. Santoro, (July 23, 2018) 2018 U.S. Dist.
11  LEXIS 122865:

12      "1. State Court Opinion:

13      "Considering petitioner's petition for writ of habeas corpus,
14  the Kern County Superior Court held:

15      Petitioner contends that his sentence is excessive under People
16  v. Vargas (2015) [sic] 59 Cal.4th 635 [174 Cal.Rptr.3d 277, 328
17  P.3d 1020].  In Vargas, the California Supreme Court held that
18  prior convictions which fell under the same operative facts were
19  to be treated as one strike, [*25] Vargas at 646.  The Court used
20  a baseball analogy stating that a defendant cannot be convicted
21  of two strikes with one swing of the bat. Id.

22      Petitioner fails to state how the June 29, 1998 conviction
23  stemmed from the same set of operative facts.  However, the nature
24  of the convictions and enhancements present the possibility that
25  petitioner may be correct."  That is the exact same situation in
26  this case.  Petition suffered (1) one conviction on December 10,
27  1990, that resulted in multiple felony convictions which transpired

1  out of the same operative facts on a single date in a single event.
2  Based on that single occurrance the trial court incorrectly imposed
3  (2) two strike priors, when it should have imposed a single strike,
4  making the instant conviction a Second Strike, not a Thrid Strike
5  case with multiple life terms imposed upon petitioner.

6      In Kimble v. Madden, (May 14, 2018) 2018 U.S. Dist. LEXIS
7  139088:

8      "a. Ground Two:  The Trial Court Abused It's Discretion In
9  Not Striking Petitioner's Strikes Under Romero...In support of
10 his argument, he relies on, among [*32] other cases, people v.
11 Vargas, 59 Cal.4th 635, 637-39 [174 Cal.rptr.3d 277, 328 P.3d 1020]
12 (2014);  Johnson v. United States, 135 S.Ct. 2551, 192 L.Ed.2d
13 569 (2015); and Lockyer v. Andrade, 538 U.S. 63, 123 S.Ct. 1166,
14 155 L.Ed.2d 144 (2003).

15     Petitioner has not otherwise shown that his sentence was funda-
16 mentally unfair so as to constitute a due process violation.
17 Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994)  ("Absent
18 a showing of fundamental unfairness, a state court's misapplication
19 of it's own sentencing laws does not justify federal habeas relief.")
20 A habeas petitioner must show that hte alleged state sentencing
21 error was "so arbitrary or capricious as to constitute an inde-
22 pendant due process or Eighth Amendment violation."  Richmond v.
23 Lewis, 506 U.S. 40, 50, 113 S.Ct. 528, 121 L.Ed.2d 411 (1992)
24 (citation omitted)."

25     Petitioner in this case has shown the required arbitrary and
26 capricious nature of the sentencing court violating thg December
27 10, 1990, plea agreement by using it as (2) two separate strikes

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 8-72)

5 34769

1  when that was never explained to petitioner upon sentencing in

2  1990. Any use of that conviction in excess of the agreed upon

3  term and/or future penalty if a future conviction was suffered

4  is a violation of due process as petitioner did not knowingly and

5  intellengently waive that/those rights via that plea argeement,

6  therefore, that prior plea agreement was violated by using it a

7  (2) two strikes, and petitioner should be allowed to withdraw that

8  plea agreement as being violated by it's use as (2) two strikes,

9  by which to give petitioner multiple life terms which he would have

10  otherwise not be eligible to recieve.

11  Based on the foregoing facts as supported by the herein cited

12  case law as shown by the hereto attached Exhibits in Support of

13  the Petition For Writ of Habeas Corpus, petitioner is entitled

14  to re-sentencing in this case as a Second Strike term, not a Third

15  Strike life termer. Likewise, due to the herein alleged ineffective

16  assistance of both court appointed trial counsel and court appointed

17  appellate counsel, (See Argument #3, Infra) petitioner should be

18  granted an immediate Evidentiary Hearing, or re-sentenced forth-

19  with to the determinate term without a life top.

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

3.

PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE
OF COURT APPOINTED TRIAL COUNSEL TO WHICH HE IS
ENTITLED TO BY THE UNITED STATES CONSTITUTION.

## THE STANDARD

Under both the Sixth Amendment to the United States Constitution and Article I, Section 15 of the California Constitution, a criminal defendant has the right to effective assistance of counsel. Strickland v. Washington, (1984) 466 U.S. 668, 686-692; People v. Ledesma (1987) 43 Cal.3d 171, 215. Specifically, a defendant is entitled to the "reasonably competent assistance of an attorney acting as his diligent, conscientious advocate." (Ibid.; accord Strickland v. Washington, supra, 466 U.S. at pp. 686-689; People v. Pope, (1979) 23 Cal.3d 412, 425.) On appeal the defendant must show that counsel's performance was "deficient," i.e. that "counsel's representation fell below an objective standard of reasonableness...under prevailing professional norms." (Strickland v. Washington, supra, 466 U.S. at p. 688; People v. Ledesma, supra, 43 Cal.3d at 216; People v. Pope, supra, 23 Cal.3d at pp. 423-425.) Under this standard, "where the record shows that counsel's omissions resulted from an informed tactical choice within the range of reasonable competence, the conviction must be affirmed." (Id. at p. 425) This reflects the deferential scrutiny generally accorded counsel's strategic choices. (Strickland v. Washington, supra, 466 U.S. at p. 689; People v. Ledesma, supra, 43 Cal.3d at p.216.)

"Deference", however, "is not abdication." (People v. Ledesma, supra, 43 Cal.3d at p.217.) Counsel's challenged conduct must in fact be "tactical." It must, that is, involve a decision which

1  contemplates some benefit to the defendant. (People v. Nation, (1980)
2  26 Cal.3d 169, 179;  People v. Horning, (1984) 150 Cal.App.3d 1015,
3  1022-1023;  People v. Coffman, (1969) 2 Cal.App.3d 681, 691.)  If
4  "[n]o plausible tactical explanation can be conceived which would
5  justify" the challenged act or ommission, then ineffective assistance
6  of counsel is manifest. (People v. Robertson, (1982) 33 Cal.3d
7  21, 42;  People v. Moreno, (1987) 188 Cal.App.3d 1179, 1181;  People
8  v. Jackson, (1986) 187 Cal.App.3d 499, 506;  People v. Guizar, (1986)
9  180 Cal.App.3d 487, 492, fn. 3.)

10      Once it is establiehed that "counsel's performance was deficient,
11  a criminal defendant must also establish prejudice before he can
12  obtain relief..." (People v. Ledesma, supra, 43 Cal.3d at p. 217.)
13  He need not however, "show that counsel's deficient conduct more
14  likely than not altered the outcome in the case.  This outcome-
15  determinative standard...is not...appropriate." (Strickland v.
16  Washington, supra, 466 U.S. at p. 693-694.)  Rather,

17          [the] defendant must show that there is a reasonable
            probability that, but for counsel's unprofessional errors,
18          the results of the proceeding would have been different...
            [i.e.,] the fact-finder would have had a reasonable doubt
19          respecting guilt.

20  (Id., at p. 694-695; People v. Fosselman, (1983) 33 Cal.3d 572, 583-
21  584.)

22      A "reasonable probability" requires "a significant but something-
23  less-than 50 percent likelihood of mere favorable verdict."  People
24  v. Howard, (1987) 190 Cal.App.3d 41, 48.  See also, In re Harris,
25  (1993) 5 Cal.4th 813, 833.

26      Petitioner likewise was denied the effective assistance of
27  court appointed appellate counsel as well.  This denial of appellate

33.

1   counsel was recently reviewed and addressed in Hernandez v. McDowell,
2   (April 11, 2018) 2018 U.S. dist. LEXIS 104352:

3        "2 Appellate Counsel:

4        The standards of Strickland, and it's progany govern claims
5   of ineffective assistance of appellate counsel as well as claims
6   of ineffective assistance of trial counsel. See Smith v. Robbins,
7   528 U.S. 259, 285-86, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000);  Bailey
8   v. Newland, 263 F.3d 1022, 1028 (9th Cir. 2001), cert. denied,
9   535 U.S. 995, 122 S.Ct. 1556, 152 L.Ed.2d 479 (2002); see also
10  Daire v. Lattimore, 818 F.3d 454, 461 (9th Cir. 2016) (en banc)
11  (clearly established Supreme Court law holds that Strickland, applies
12  to claim of ineffective assistance of counsel in noncapital sen-
13  tencing proceedings). Appellate counsel has no constitutional
14  obligation to raise all non-frivolous issues on appeal. See Pollard
15  v. White, 119 F.3d 1430, 1435 (9th Cir. 1997);  see also Moormann
16  v. Ryan, 628 F.3d 1102, 1109 (9th Cir. 2010) cert. denied, 565
17  U.S. 921, 132 S.Ct. 346, 181 L.Ed.2d 217 (2011) (appellate counsel
18  is not required to raise a meritless issue on appeal). "A hallmark
19  of effective appellate counsel is the ability to weed claims that
20  have no likelihood of success, instead of throwing in a kitchen
21  sink full of arguments with the hope that some argument will persuade
22  the Court." See Pollard v. White, 119 F.3d at 1435.

23       The issued raised herein by petitioner on his own behalf are
24  by no means meritless, as any single raised issue herein has the
25  potential to cause this entire case to be re-versed. But appellate
26  counsel as well as court appointed trial counsel, both, failed
27  to raise, brief and/or argue these issue(s) in a timely manner.

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 8-72)

85 34769

34.

1      Pollard v. White, (March 20, 1997( 119 F.3d 1430, at page

2  §1997 U.S.APP. LEXIS 15:

3      "The Due Process Clause guarantees a criminal defendant effective

4  assistance of counsel on his first appeal as of right.   Evitts

5  v. Lucey, 469 U.S. 387, 391-405, 83 L.Ed.2d 821, 105 S.Ct. 830

6  (1985).   Under the standard set forth in Strickland v. Washington,

7  466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984), "the benchmark

8  for judging any claim of ineffectiveness must be whether counsel's

9  actions so undermined the proper functioning of the adversarial

10  process that the trial cannot be relied on as having produced a

11  just result." Id. at 686.  Pollard must show that his appellate

12  counsel's performance was constitutionally deficient and that it

13  was prejudicial to his defense.   Id. at 687;  Miller v. Keeney,

14  882 F.2d 1428, 1433 (9th Cir. 1989).   We do not have to evaluate

15  both prongs of the test if the defendant fails to establish one.

16  Strickland, 466 U.S. at 697.

17      "to establish a deficiency in representation, Pollard must

18  demonstrate that his attorney's performance "fell below an objective

19  standard of reasonableness;" and that his acts or omissions were

20  not the "result of a reasonable professional judgment."  Id. at

21  688 & 690.   The reasonableness of counsel's performance is evaluated

22  as of the time of the conduct and in light of the facts of the

23  case.   Id. at 690."

24      As clearly argued in Argument #1 and #2, supra, petitioner

25  has shown by documented proof in the form of attached hereto Exhibits

26  that consist of Court documents, that his Court Appointed Trial

27  Counsel failed, without excuse, to protect petitioner from the

35.

1  violation of his speedy trial rights. As well as during a hearing
2  on Petition For Recall of Sentence, counsel again failed without
3  excuse, to raise and/or argue the issue of multiple strikes for/
4  from a single occurrence on a single date which resulted in petitioner
5  receiving an unlawful multiple life term sentence in this case.
6  (See Exhibits C and Exhibit E, hereto.)

7       On direct appeal petitioner suffered ineffective assistance
8  of court appointed appellate counsel, namely Valerie G. Wass, Esquire.
9  Appellate Counsel was informed by petitioner in writing that he
10  had his Speedy Trial Rights violated on (2) two separate occassions.
11  First petitioner's trial did not begin within the allowable 60
12  day time limit(s) over objection by petitioner. (See Exhibit E,
13  hereto.) Secondly, during trial the prosecution failed to have
14  a key witness in Court to testify when it was time for that person
15  to provide the testimony. Again, over objection by petitioner,
16  the trial court delayed the trial, mid-trial, for an additional
17  week so the prosecution could locate and prepare that witness to
18  testify against petitioner. Both of those incidents violated the
19  petitioner's Speedy Trial rights and denied him Due Process that
20  resulted in the instant conviction for 34 years 4 months to life
21  as a third Strike Case. (See Argument #1 and #2, supra.)

22       Through no fault of petitioner, no court reviewed nor ruled
23  on either issue, fully, which are raised in Argument #1 and #2,
24  supra. Both trial and appellate counsel were fully informed of
25  these issue(s) at trial court level and on direct appeal, but they
26  refused without excuse to brief and/or argue these issue(s) on
27  petitioner's behalf which did result in an unlawful conviction

36.

1   and an unlawful Third Strike life term of imprisonment based on
2   the defective trial and sentencing herein.

3       In Conlan v. Shewry, (Aug. 15, 2003) 131 Cal.App.4th 1354
4   at page 131 Cal.App.4th 1365:

5       "Appealability:

6       "(3) A reviewing court has jurisdiction over a direct appeal
7   only when there is (1) an appealable order (2) an appealable judgment.
8   Griset v. Fair Political Practices, Com. (2001) 25 Cal.4th 688,
9   696 [107 Cal.Rptr.2d 149, 23 P.3d 43]; see also Code of Civil
10  Procedure, §904.1) "A trial courts order is appealable when it
11  is made so by statute." (Griset, supra, at 696.)" "The theory
12  is that piecemeal disposition and multiple appeals in a single
13  action would be oppresive and costly, and that a review of inter-
14  mediate rulings should await the final disposition of the case."
15  (9 Witkin, Cal. Procedure (4th Edition 1997) Appeal §58, p.113.)

16      As shown by Exhibit C and Exhibit E, counsel were aware of
17  the Speedy Trial violation and failed to raise that issue fully.
18  Further, while petitioner had trial counsel again appointed to
19  argue his Petition For Recall of sentence by the same trail counsel,
20  that counsel failed to raise and/or brief an argument based on
21  the Court's violation of imposing (2) two strikes from it's knowing
22  that both those strikes resulted from a single event on a single
23  date.  (See Exhibit H, hereto and Argument #2, supra.)  While the
24  Petition For Recall of Sentence was being argued in the Superior
25  Court between October 2014 and February 2016, the California Supreme
26  Court issued it's ruling in the case of People v. vargas, (2014)
27  59 Cal.4th 635, 639, 641 [174 Cal.rptr.3d 277, 328 P.3d 1020] (2014).

1 That case was/is directly on point with the herein matter before
2 the Court and court appointed counsel on the petition For Recall
3 of Sentence whom was also petitioner's court appointed trial counsel
4 failed without excuse to raise and brief that issue which would
5 have resulted in petitioner's sentence being a determinate term
6 instead of a life term.

7    However, petitioner's court appointed trial counsel at sentencing
8 did file a written objection, followed by a verbal objection in
9 regards to the sentence imposed and for any future changes in the
10 Three Strikes law that may at a later date apply favorably to the
11 sentence imposed upon petitioner in this case.  (See Exhibit I,
12 at page 407, lines 22 through 28.)

13    Based on the foregoing argument as supported by the hereto
14 attached court records (Exhibits) petitioner believes he has made
15 a prima facie case and that he is entitled to the relief sought
16 via this petition for writ of habeas corpus.

17    At the least, petitioner believes he is entitled to a full
18 and complete evidentiary hearing regarding the issue(s) raised
19 herein.  See Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir. 1991)
20 at page §1991 U.S. App.LEXIS 16:

21    "In habeas proceedings under 28 U.S.C. §2254, an evidentiary
22 hearing is required when: (1) the petitioner's allegations, if
23 proved, would establish the right to relief (prima facie case);
24 and (2) the State Court trier of fact has not, after a full and
25 fair hearing, reliably found the relevant facts."  Van Pilon v.
26 Reed, 799 F.2d 1332, 1338 (9th Cir. 1986) (citing Townsend v. Sain,
27 372 U.S. 293, 312-13, p L.Ed.2d 770, 83 S.Ct. 745 (1963));  Bashor

1    v. Risley, 730 F.2d 1228, 1232 (9th Cir.) cert. denied, 469 U.S.

2    838, 83 L.ed.2d 77, 105 S.Ct. 137 (1984).   Even assuming that Greyson's

3    allegations, if true, establish a prima facie case for habeas relief,

4    the district court was correct in denying Greyson's petition without

5    a hearing.   The district court relied on the state court's finding,

6    after a hearing, that the prosecution did not intend to goad

7    Greyson into moving for a mistrial during his third trial.   Because

8    Greyson has not met his burden of showing that his conclusion was

9    not well supported by the record, he is not entitled to an evidentiary

10   hearing."

11        Petitioner in this instant case has show a prima facie case

12   for relief and it is supported in all regards by Court documents.

13   Therefore, the requested relief, including a full and complete

14   evidentiary hearing should be granted in this matter.

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

4.

IN DENYING THE PETITION FOR WRIT OF HABEAS CORPUS
AT THE SUPERIOR COURT LEVEL, THE TRIAL JUDGE STATED
THAT PETITIONER HAD SUFFERED INEFFECTIVE ASSISTANCE
OF TRIAL COUNSEL, YET THE COURT FAILED TO GRANT THE
PETITIONER THE RELIEF HE IS ENTITLED TO BY LAW.

The First Claim/Issue/Ground that petitioner raised in his petition

for writ of habeas corpus to the Superior Court was the verified

fact that the trial court violated petitioner's speedy trial

rights.  (See Arguement #1, supra.)

   •  In that arguement petitioner clearly showed the trial court

where court appointed trial counsel did/had challenged the denial

of speedy trial rights in this matter.  (See Exhibit E, hereto).

The trial court denied petitioner's motion to dismiss per 1382.

(See Exhibit F, hereto.)

      Upon the trial court's denial of trial counsel's motion

to dismiss for violation of petitioner's speedy trial rights,

petitioner continued to request that trial counsel pursue the

issue.  However, trial counsel failed and/or refused to file

any further actions regarding the clear violation of petitioner's

speedy trial rights.  Thereafter, petitioner was taken to trial

and convicted in this case.

      After the State appointed appellate counsel for petitioner's

direct appeal, petitioner wrote numerous letters to that appointed

appellate counsel detailing the violation of his speedy trial

rights.  However, the court appointed appellate counsel failed

and/or refused to brief and/or raise that viable issue on direct

appeal on petitioner's behalf.

///



1       The Superior Court's denial of the petition for writ of
2  habeas corpus is incorrect.  (See Exhibit J, hereto at page
3  1, paragraph #3).

4              "Appointed counsel moved to dismiss on this ground
               and the trial court denied the motion.  Petitioner's
5              only remedy was to bring a writ of mandate prior to
               the commencement of trial.  The denial of a 1382 motion
6              is an interlocutory order which must be challenged
               by writ of mandate before trial.  The denial of a
7              1382 Motion can not be raised on appeal.  People v.
               Wilson, (1963) 60 Cal.2d 139, 148-149.  It was not
8              ineffective for appellate counsel not to raise this
               issue on appeal."
9       Petitioner believes that the Superior Court denial of this
10  issue on the petition for writ of habeas corpus is incorrect
11  for the following stated reasons.

12      First and foremost, the Court acknowledged that the denial
13  of speedy trial rights was challenged by petitioner's court
14  appointed trial counsel.  Meaning that there was an actual speedy
15  trial rights violation in this case  Once that 1382 Motion
16  to dismiss was denied, court appointed trial counsel, to be
17  effective counsel for petitioner, should have, was duty bound
18  to have, as requested by the petitioner, to pursue a writ of
19  mandate prior to trial.  Petitioner's court appointed trial
20  counsel failed and/or refused without excuse to pursue the writ
21  of mandate prior to trial in this case. That failure, as pointed
22  out by the Superior Court, was counsel's duty to do prior to
23  trial on behalf of petitioner.  Counsel's failure to do so is
24  the definition of ineffective assistance of trial counsel as
25  listed in Strickland v. Washington, (1984) 466 U.S. 668, 686-
26  692 and in People v. Ledesma, (1987) 43 Cal.3d 171, 215.  (See
27  Arguement #3, supra.)

The Second failure by the Superior Court in denying the petition for writ of habeas corpus is the appellate counsel's failure to raise this issue on direct appeal for petitioner. The Superior Court incorrectly stated that appellate counsel could not raise the denial of the 1382 Motion on direct appeal. While petitioner acknowledges the 1382 Motion to Dismiss could not be raised on direct appeal, see People v. Wilson, (1963) 60 Cal 2d 139, 148-149, he also knows that appellate counsel could have and should have raised the issue of ineffective assistance of court appointed trial counsel for his failure to properly pursue a writ of mandate prior to trial regarding this issue. (See Arguement #3, supra, at page 34.)

The standards of Strickland, and it's progency govern claims of ineffective assistance of trial counsel   See Smith v. Robbins, 528 U.S. 995, 122 S.Ct. 1556, 152 L.Ed.2d 479 (2002).

Based on the proven denial/violation of petitioner's speedy trial rights and both his ineffective assistance of court appointed trial counsel as well as ineffective assistance of court appointed appellate counsel, it has been proven that the petitioner should have been, and should herein be, granted the relief he requested in the petition for writ of habeas corpus.  Trial counsel was ineffective for his failure, as stated by the Superior Court, to file pre-trial writ of mandate on the denial of his 1382 Motion to dismiss.  Petitioner's court appointed appellate counsel was ineffective for failing without excuse to raise and brief an ineffective assistance of court appointed trial counsel, for court appointed trial counsels' failure to seek a pre-trial

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 05 90192

1  petition for writ of mandate arguing the denial of speedy trial
2  rights for the petitioner.

3       Based on the foregoing facts as supported by the hereto
4  attached exhibits in support of the petition for writ of habeas
5  corpus this Honorable  Supreme Court sholud grant to petitioner
6  the relief he seeks, according to law, in the herein matter.

7  ///
8  ///
9  ///
10 ///
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///



COURT PAPER
STATE OF CALIFORNIA
STD 113 (REV 3-95)
OSP 05 90192

43.

IX.

CONCLUSION

Based on the above stated facts in the above-argued issues, petitioner is entitled to the requested relief herein. Wherefore, petitioner requests that this Honorable District Court grant to him immediately a re-sentence to a non-life term. Further, grant to him an immediate ORDER TO SHOW CAUSE, and an EVIDENTIARY HEARING.

If in the alternative, the District Court wants to accept petitioner's plea to a non-life term instead of re-sentencing in person, the petitioner will waive all rights to all violations that have been committed in this case by the State, petitioner's Court Appointed Trial and Appellate Counsel, as well as by the Deputy District District Attorney, and accept sentencing via abstention.

Dated: November _8th_, 2020

Respectfully submitted,

Paul Joseph Martinez, G-08445/A-4-143 L
RJ Donovan Correctional Facility
480 Alta Road
San Diego, California 92179
In Propria Persona

further, petitioner says not.

COURT PAPER
STATE OF CALIFORNIA
STD 113 (REV 3-95)
OSP 98 10924

1 Paul Joseph MArtinez  G-08445/A-4-143 Lower
Richard J. Donovan Correctional Facility
2 480 Alta Road
San Diego  California 92179
3    In Propria Persona

4

5

6

7                    UNITED STATES DISTRICT COURT

8                    EASTERN DISTRICT OF CALIFORNIA

9  In re,                    )  CASE NUMBER: _____
                             )  (SUP-CT- CASE NO: SF105841A;  )
10                           )  (APP.CT. CASE NO: C058437;    )
                             )  (SUP- CT. HC CASE NO: 0009345; )
11      Paul Joseph Martinez,)  (APP-CT- HC CASE NO: C091479. )
                             )  (Sup.Ct.HC CASE  No: S263388. )
12                           )  [PROPOSED]
                             )
13                           )  ORDER TO SHOW CAUSE AND
                             )  NOTICE TO FILE RETURN
14  On Habeas Corpus.        )

15     From the petition and the points and authorities filed in

16 support of it in the above proceedings, it appears that there is

17 reasonable cause to believe that petitioner may be entitled to a

18 writ of habeas corpus and that he will suffer irreparable harm if

19 his cause is not heard as soon as possible.  Accordingly, let issue

20 an ORDER TO SHOW CAUSE why the relief prayed for should not be

21 granted.

22     The Attorney General is directed to file a return to the ORDER

23 on _____ .  A denial and exception to

24 the return shall be filed on _____ .  Hearing on the

25 matter is set for _____ .

26     Dated: _____ , 2020

27

28                         _____
                          UNITED STATES MAGISTRATE JUDGE
                          EASTERN DISTRICT OF CALIFORNIA
                    46.

# PROOF OF SERVICE BY MAIL

## BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, Paul Joseph Martinez _____, declare:

I am over 18 years of age and a party to this action. I am a resident of Richard J. Donovan

Correctional Facility _____ Prison,

in the county of San Diego _____,

State of California. My prison address is: Paul Joseph Martinez, G-08445/A-4-143 Lower

480 Alta Road, RJDCF, San Diego, California 92179 _____.

On November 19th, 2020 _____,
                    (DATE)

I served the attached: 28 U.S.C. §2254 Petition For Writ of Habeas Corpus,

Memorandum of Points And Authorities In Support; Exhibits _____
                        (DESCRIBE DOCUMENT)

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage

thereon fully paid, in the United States Mail in a deposit box so provided at the above-named correctional

institution in which I am presently confined. The envelope was addressed as follows:
California Attorney General's Office
Writs and Appeals Section
Post Office Box 944255
Sacramento, California
                94244-2550

I declare under penalty of perjury under the laws of the United States of America that the foregoing

is true and correct.                          In Propria Persona

Executed on November 20th, 2020 _____
          (DATE)                          (DECLARANT'S SIGNATURE)

                                  Paul Joseph Martinez, G-08445/A-4-143 Low